### No. 3050
### Second Circuit

### LYONS v. FORD

(November 8, 1928. Opinion and Decree.)

M. T. Monsour, of Shreveport, counsel for plaintiff, appellee.

Harry V. Booth, of Shreveport, counsel for defendant, appellant.

## ON REHEARING.

ODOM, J. The plaintiff brought suit in the City Court of the City of Shreveport to recover of the defendant the sum of $129.65 for alleged damage to his automobile, caused by a collision between his car and that of defendant's, which was being operated by an agent and employee of the defendant's, plaintiff alleging that the damage to his automobile was due solely to the negligence and fault of the driver of defendant's car.

The defendant, while duly and legally cited, made no appearance in the City Court, and judgment was rendered against him by default, as prayed for, the judgment containing the usual recital, "and the law and evidence being in favor thereof."

Subsequent to the rendition of this judgment, the defendant appeared in the City Court through counsel and asked for an appeal devolutive and suspensive to this Court, which was granted and perfected. The record does not contain a note of the evidence adduced on the trial nor a statement of the facts by the trial judge.

Counsel for plaintiff, appellee, filed in this Court a motion to dismiss the appeal on the above ground.

It is well settled that where the record contains no note of the evidence and no statement of the facts by the trial judge, the appeal must be dismissed. See La. Digest, Vol. 1, page 487, Section 430.

When the case was called in this Court originally, the Court received the impression that it was agreed between counsel for plaintiff and counsel for defendant that it be remanded to the lower court for the purpose of completing the record, and we, therefore, ordered the case remanded in accordance with what we understood to be the said agreement. On application for rehearing, counsel for plaintiff, appellee, stated that the Court was in error in its statement that it was agreed that the case should be remanded, and, as there was no written stipulation in the record to that effect, the Court granted the rehearing asked for in order to hear counsel on both sides on that point.

Counsel for plaintiff, appellee, reiterated that there was no such agreement. Counsel for defendant, appellant, has made no appearance in this Court by brief or otherwise and we now assume that we were probably mistaken as to there being such an agreement to remand.

There being no statement of the facts by the trial judge and no note of evidence attached to the record, there are no means by which this Court may determine the correctness of the judgment rendered, and, counsel for plaintiff, appellee, insisting upon their motion to dismiss the appeal, the same is accordingly dismissed.

Counsel for plaintiff, appellee, asked that the defendant be taxed ten (10) per centum for frivolous appeal, but we have no disposition to do so, under the circumstances in this case.